**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **Rene Pruett,**  *Plaintiff*, <br><br> v. <br><br> **Safety-Kleen Systems, Inc.,**  *Defendant*. | § § § § § § § § § § §  CIVIL ACTION NO. 4:11-cv-00396 |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Rene Pruett ("Pruett") and files this, his Original Complaint and Jury Demand against Defendant Safety-Kleen Systems, Inc. ("Safety-Kleen" or "Defendant") concerning certain grievances arising under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq,* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. In support thereof Plaintiff respectfully states as follows:

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331, 1343(a)(4), and 29 U.S.C. § 626. The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Commission on Human Rights Act and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391.

## II. PARTIES

3. Plaintiff is a Caucasian male over the age of 40 years old.

4. Defendant Safety-Kleen Systems, Inc. is a foreign for-profit corporation registered and doing business in the state of Texas and can be served with process through its registered agent for service, CT Corporation System at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

## III. FACTUAL BACKGROUND

5. Defendant Safety-Kleen Systems, Inc. is a service provider that focuses on collecting and recycling oil, providing industrial cleaning, and handling industrial waste. In addition, their products line includes cleaning equipment, antifreeze and coolant, windshield cleaner, and re-refined oil products. Safety-Kleen is based in Plano, Texas, with its headquarters located at 5400 Legacy Dr., Cluster II Building 3, Plano, TX 75204. Safety-Kleen has over 4,500 employees in the US, Canada and Puerto Rico.

6. Safety-Kleen Systems, Inc. is an "employer" within the meaning of 29 U.S.C. § 630(b) and Tex. Lab. Code § 21.002(8).

7. Rene Pruett is currently fifty-eight years old and Safety-Kleen terminated him at the age of fifty-seven. Pruett began working for Safety-Kleen in 1996 and provided fourteen years of diligent service to Safety-Kleen before being terminated on August 13, 2010. Pruett was a "driver" whose responsibilities included, but were not limited to, transporting hazardous waste.

8. Per Safety-Kleen protocol, a representative of the waste generator along with the driver of the waste typically signs a manifest (identifying what materials are being hauled) prior to transporting waste. When checking loads out for transportation after business hours, the driver places a phone call into the off-duty waste generator representative. In order to keep the trucks running on schedule, the waste generator representative then will frequently give the

driver authorization to sign the manifest in their capacity, approving the transportation of the waste, so that the waste generator does not have to come into the facility in the middle of the night or very early in the morning. This policy was followed and enforced over the fourteen year period of Pruett's employment, and approved by his manager Bob Sorenson.

9. On Wednesday July 28, 2010, at approximately 4 a.m., Rene Pruett picked up a load of waste material from Englewood, Colorado, for transport back to Safety-Kleen's facility in Denton, Texas. Upon arrival to the waste station in Colorado, Pruett called the waste generator's secretary (Sheryl Gocio) to come sign the manifest and check out the load for transportation. Per routine Safety-Kleen practice when a load needed to be authorized for transport after hours, Ms. Gocio gave Pruett permission to sign her name so that the truck would remain on schedule and she would not have to come in after hours. Pruett signed the secretary's name with her permission and transported the waste to the Texas facility. Pruett's authorized signature of Ms. Gocio's name was later reviewed by an employee of the Englewood branch.

10. Despite following Safety-Kleen protocol, consent from manager Bob Sorenson, and express authority from Gocio to sign the manifest, Safety-Kleen cited Pruett's authorized signing of the manifest in Gocio's place as reason to terminate Pruett. Safety-Kleen terminated Pruett for allegedly forging the signature of Sheryl Gocio on the July 28, 2010 manifest.

11. Instead of Safety-Kleen terminating or disciplining the substantially younger Gocio or Pruett's manager, Sorenson, for approving and upholding the standard waste transportation practice, Bob Sorenson terminated the fifty-seven (57) year old Pruett on August 13, 2010, telling Pruett, "It's out of my hands."

12. In the months prior to his termination, Pruett witnessed several other older employees being terminated, with Safety-Kleen improperly challenging their unemployment

benefits. It became apparent to Pruett that Safety-Kleen was intentionally terminating its older employees.

13. Safety-Kleen terminated these other older employees for allegedly keeping their driver's log books incorrectly (despite following company practice in filing the log books out), something that Pruett received warning and discipline for on February 12, 2010. The only blemish on an otherwise spotless 14-year career. In similar fashion, Safety-Kleen terminated Pruett for following company protocol then Safety-Kleen improperly challenged his efforts to receive unemployment benefits via the Texas Workforce Commission ("TWC").

14. After his wrongful termination, Pruett filed a claim with the Texas Workforce Commission ("TWC") for unemployment benefits. Safety-Kleen chose to challenge Plaintiff's employment benefits by falsely contending that Pruett was terminated due to misconduct. Despite being aware of the unemployment appeal hearing and sending Pruett documents just prior to the hearing, Safety-Kleen representatives did not appear for the telephone hearing after finding out Pruett was represented by counsel for the hearing.

15. The TWC issued an appeal decision on December 7, 2010 finding that Pruett was entitled to unemployment benefits. The TWC made a finding of fact that on July 28, 2010, the waste generator's secretary directed Pruett to sign her name on the manifest, transport the waste, and that this was consistent with Pruett's past practice, and a practice known to Safety-Kleen. The TWC determined that Pruett was not terminated for misconduct as alleged by Safety-Kleen and that Pruett was entitled to collect unemployment benefits.

16. The alleged reason for Plaintiff's termination, forging the signature of Sheryl Gocio on the July 28, 2010 manifest, is clearly pretextual as the alleged forging was done while following Safety-Kleen standard practice, advising his manager of the current practice, and receiving permission to sign the manifest directly from Gocio. Safety-Kleen's stated reason for

Pruett's termination is pretextual and false, and Defendant fired Plaintiff because he was older and to make the overall workforce younger.

17. Plaintiff timely filed an EEOC charge of discrimination for age discrimination on December 8, 2010.  Plaintiff received a notice of right to sue letter from the EEOC that was dated June 13, 2011 which was co-filed with the Texas Workforce Commission Civil Rights Division. This suit is being filed within 90 days of Plaintiff having received the notice of right to sue letter from the EEOC.  Plaintiff has requested a right to sue letter from the Texas Workforce Commission Civil Rights Division.

## IV. CAUSES OF ACTION

**A.     Age Discrimination**

18. Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 17 as if fully stated herein.

19. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under the ADEA and the Texas Labor Code.

20. Defendant's actions, including but not limited to the ultimate termination of Plaintiff, were undertaken because of Plaintiff's age.  These actions constituted a continuing violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*.

21. Due to Defendant's actions, including but not limited to Plaintiff's ultimate termination, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

22. Defendant's actions referenced in paragraphs 1-17 were willful, entitling Plaintiff to liquidated damages under the ADEA.

23. Defendant's actions referenced in paragraphs 1-17 were intentional, malicious, and committed with reckless indifference to Plaintiff's state-protected rights, entitling Plaintiff to compensatory and punitive damages under the Texas Labor Code Chapter 21.

24. Defendant's actions referenced above in paragraphs 1-17 have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his state and federal rights in this action. Plaintiff seeks his reasonable attorneys' fees and costs in this matter.

## V. JURY DEMAND

25. Plaintiff hereby demands a jury trial on all issues, claims, actions, and defenses against Safety-Kleen.

## VI. PRAYER

WHEREFORE, Plaintiff, respectfully requests that the above-named Defendant, Safety-Kleen Systems, Inc., be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

a. Judgment against Defendant for lost wages and benefits, both back pay and front pay;

b. Judgment against Defendant ordering Defendant to take such other reasonable actions as may be necessary to remedy the effects of Defendant's violation of 28 U.S.C. § 621, *et seq.*, and the Texas Labor Code;

c. Judgment against Defendant for liquidated damages under 28 U.S.C. § 621, *et seq.*, as amended;

d. In the alternative to front pay, judgment against Defendant reinstating Plaintiff to his position of employment, equivalent position of employment, or the position of employment he would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

e. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

f. Judgment against Defendant for punitive damages to the extent allowed under the law;

g. Pre-judgment interest at the appropriate legal rate on all amounts awarded;

h. Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

i. Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees;

j. Costs of suit; and

k. Such other and further relief to which Plaintiff may justly be entitled.

Respectfully submitted,

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue, Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax: (214) 720-2291

Dated: June 28, 2011     By:  */s/ Joseph H. Gillespie*
Joseph H. Gillespie (ATTORNEY-IN-CHARGE)
josephgillespie@grwlawfirm.com
State Bar No. 24036636
Adam S. Greenfield
agreenfield@grwlawfirm.com
State Bar No. 24075494